### EASLEY et al. v. CONTINENTAL CASUALTY CO. (No. 792–4794.)

Commission of Appeals of Texas, Section B. June 25, 1927.

**1. Customs and usages &#61;⊐17—Parties can contract contrary to custom.**

Parties can enter into contract contrary to mere custom.

**2. Customs and usages &#61;⊐15(1)—Proof of custom as to insurance agents' guaranteeing premiums maturing after termination of agency held admissible, where contract and correspondence were not clear.**

Where insurance agency contract and correspondence relative thereto on agents' terminating contract was not clear as to whether agents were to be guarantors on premiums accruing subsequent to termination, proof of custom as to guarantee of premiums maturing after termination of agency was admissible.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by the Continental Casualty Company against George M. Easley and others, wherein defendants filed a cross-action. Judgment for defendants on the cross-action was reversed by the Court of Civil Appeals

(290 S. W. 251), and defendants bring error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

Thompson, Knight, Baker & Harris and Geo. S. Wright, all of Dallas, for plaintiffs in error.

Abraham Lepine, of Chicago, Ill., and Crane & Crane, of Dallas, for defendant in error.

POWELL, P. J. The Court of Civil Appeals fully states the nature and result of this case. See 290 S. W. 251. Plaintiffs in error were general agents of defendant in error in a defined territory for the purpose of procuring and transmitting applications for various kinds of insurance, writing and delivering policies thereon, and collecting and paying to the company the premiums on the insurance so effected. The insurance authorized to be written by these agents included workmen's compensation. Policies of the latter kind involved a deposit or advance premium payment. The correct monthly premium payment was indefinite and was to be determined by an audit showing how many employees were on the pay roll during each month.

The agency contract could be canceled as provided in paragraph 8 thereof reading as follows:

"Paragraph 8. This contract may be terminated by either party hereto provided 30 days' notice in writing is given. In the event of such termination, or in the event of the death of the agent, there shall be due the agent in full satisfaction thereof, all accruing commissions, if any, upon premiums outstanding at date of termination."

Two other provisions of the contract, important in the determination of this case, read as follows:

"Paragraph 12. The agent agrees to be responsible for and pay to the company all premiums, whether advance, deposit, additional or otherwise, on policies issued by or through him, whether through brokers, local agents or otherwise."

"Paragraph 16. The agent shall forward to the company, not later than the 10th day of each month, an account current in which shall appear all premiums on business written or renewed by or through said agent during the preceding month, including all premiums on payroll statements submitted and all additional premiums disclosed by audit and reported to said agent during said month. The agent shall forward to the company, not later than the 5th day of the second following month, remittances to cover the balance due as shown by said account current."

The contract of agency was dated January 29, 1918. Plaintiffs in error, under paragraph 8 aforesaid, gave notice of their desire to terminate the contract, and, by correspondence, it was brought to an end, effective August 31, 1919. It is conceded that the agents were guarantors of all premiums outstanding up to the very termination of the contract. And all such amounts were paid by the agents. But the dispute and ensuing litigation arose over the premiums which accrued on two compensation policies after the cancellation of the agency.

The district court held the agents not liable for any such premiums, since they were admittedly not collected. The district court, however, awarded the agents a recovery on their cross-action against the company. It is admitted that this award was correct, and there seems to be no complaint against it.

But, upon appeal, the Court of Civil Appeals reversed the judgment of the district court as to the premiums due on the compensation policies, and rendered judgment for $1,513.31, the amount of such premiums, less the usual commissions thereon, and also less the amounts admittedly owing by the company to its said agents on other matters.

The sole question for determination in the Supreme Court is whether the district court or Court of Civil Appeals was correct in holding the agents liable as guarantors for these compensation policy premiums which accrued after the agency had terminated. The Court of Civil Appeals says the contract, in this connection, is perfectly clear, and that no proof of custom could be admitted to vary such a clear agency contract.

In answer to the last stated view of the Court of Civil Appeals, counsel present two assignments in the application, upon which the writ was granted, as follows:

"First Assignment of Error.

"The honorable Court of Civil Appeals erred in holding in its opinion that the general agency contract between the Continental Casualty Company and George M. Easley & Co. clearly and unconditionally bound George M. Easley & Co. to become responsible and pay to the Continental Casualty Company all premiums, advance, deposit, additional or otherwise, on policies issued by or through George M. Easley & Co., and that by its language the contract obligated George M. Easley & Co. to pay to the Continental Casualty Company premiums accruing or ripening on compensation policies after the termination of the agency contract.

"Second Assignment of Error.

"The honorable Court of Civil Appeals erred in holding in its opinion that because of the clear language of the agency contract imposing a liability upon George M. Easley & Go. to pay the Continental Casualty Company all premiums on policies issued by George M. Easley & Co., George M. Easley & Co. were liable for the premiums on the compensation policies for the month of September and other months following the cancellation of the agency contract, the parol testimony of George M. Easley to the effect that there was a universal, notorious custom that where such a contract was canceled, the agent was not to be responsible for premiums accruing or ripening after the termination of the agency contract, was inadmissible."

[1] If the original contract, as well as the written correspondence in connection therewith, make it perfectly clear, as contended by the Court of Civil Appeals, that premiums accruing subsequent to cancellation of the agency contract were also guaranteed by the former agents, then that court is correct in holding that no such clear contract in writing can be varied by parol proof of a contrary custom. For parties can contract contrary to mere custom. So after all there is no controversy over the rules of law governing this case. The difficulty arises in construing the contract and the subsequent correspondence in connection therewith.

We have already set out the relevant portions of the original contract. The material portion of the correspondence between the parties is set out by the Court of Civil Appeals on pages 4 and 5 of its opinion accompanying the record in this case. This correspondence shows, conclusively, it seems to us, that the parties themselves construed this original contract in a way which seems to absolutely preclude the idea that the company held the agents absolutely liable for the compensation premiums accruing subsequent to August 31, even though such premiums be not collected. On August 15, the agents wrote the company as follows:

"In this connection we beg to say that the balance due the company as per account rendered will be sent you each month as same becomes due. However, we realize that you have a right to demand payment of all outstanding balances, and if you prefer, we will, as soon as August account is made up, remit you for all balances due, including August. We will have some additional premiums under workmen's compensation policies issued by us which will be coming due after August 31st, and we can, if you desire, account to the company for these premiums as they accrue. We can also account for other premiums in the regular course of business on policies issued by us, and thus avoid confusion or any other dissatisfaction."

On August 19, the company replied to that letter as follows:

"Relative to the payment by you of all outstanding balances as required by your agency contract, it gives me pleasure to advise you that the management of the Continental is entirely willing to waive this provision, with the understanding that the payments will be made at the same time and in the same manner and subject to the same conditions as though your contract were to continue in force beyond August 31st. This will mean that you will continue to send us accounts current for developed premiums and cancellations for some time after the cancellation date of the contract, and it will give us the pleasure of that much longer business relations with you."

Under the original contract, the premium due on the compensation policies for August would not, in any event, have been determined by the audit prior to September 10. Then, under the agency contract, the agents would have reported this September audit for August in their October account current to the company. Said August premium would have been payable to the company on November 5. Had there been no termination of the agency, the August compensation premium would have been so paid. And the agents desired to handle it that way, even though the contract was being terminated. But both parties admitted in the correspondence that, under contract as written, it could not be so handled. In other words, that the entire amount would be due just as soon as the account for August could be made up. That is to say, the termination of the agency called for final settlement and discharge of all outstanding balances at the date of the termination of the contract. Now, it would have been utterly impossible to settle finally, shortly after August, if the company intended to hold the agents liable for compensation premiums which might or might not accrue during several months after August. We have shown that the parties themselves understood that their original contract did not contemplate the holding of the agents as guarantors on premiums which were not outstanding at the time the agency terminated.

However, it is equally clear that the parties made a new contract, under which it was agreed that as to all premiums accruing up to and including August 31 ("outstanding balances") they were to be handled as if the original contract were in force after August 31. Consequently, it cannot be disputed that the agents were still guarantors of all August premiums. And the agents so admit. All August accounts were settled.

[2] But, we are clear that, in making an effort to collect premiums on those compensation policies which accrued after the agency terminated, the agents were not bound by any contract calling for guaranty. That was a new relation and the universal custom in such a situation should be read into the new contract. As we read the contract and correspondence, it is not at all clear that the agents were to be guarantors on these subsequent premiums. That being true, the proof of custom was properly admitted by the district court. That parol proof, without dispute, was to the effect that there was no guarantee of premiums maturing after the agency was terminated.

The Court of Civil Appeals says that the judgment of the district court should be affirmed if this proof of custom was properly admitted by the trial court. In our judgment, it was correctly admitted.

Therefore we recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.